Filed 1/22/25  Estate of Eades CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| Estate of ARTHUR E. EADES, Deceased. | B325598 |
| ROBERT EADES, as Trustee, etc. | (Los Angeles County Super. Ct. No. 19STPB02436) |
| Petitioner and Respondent, | |
| v. | |
| CAROLE STRAUCH, | |
| Objector and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Gus T. May, Judge.  Affirmed.

Baker, Burton & Lundy and Brad N. Baker, for Objector and Appellant.

Manning & Kass, Ellrod, Ramirez, Trester, Daniel B. Herbert, Kirsten A. Brown, and Steven J. Renick, for Petitioner and Respondent.

# I.     INTRODUCTION

Carole Strauch (Carole) appeals from the probate court's order on a petition for instructions, filed by petitioner and trustee Robert Eades (Robert), pursuant to Probate Code[1] section 17200, subdivision (b)(6).  We affirm.

# II.     BACKGROUND

## A.     *The Trust and the Property*

Robert and Carole are the children of Arthur E. Eades (Arthur).  On January 31, 2000, Arthur, as trustor, created the Arthur E. Eades Trust (the Trust), and designated himself as the trustee.  On June 26, 2015, Arthur amended the Trust to provide that, upon his death and the distribution of certain gifts, the remainder of the Trust estate be distributed equally between Robert and Carole.  The Trust's assets included real property located at 17th Street in Manhattan Beach (the Property), which consisted of a front and a back unit.  During Arthur's lifetime, he occupied the back unit while Robert, Robert's wife Joanna Eades (Joanna), and their children occupied the front unit.

The amendment to the Trust provided for the following disposition and distribution of the Property:  "The [Property] produces rental income and contains the primary residence of [Robert].  The real property is held in tenancy in common, with the Trust and [Robert] each holding equal and undivided fifty

---

[1]     Further statutory references are to the Probate Code unless otherwise indicated.

2

percent (50%) interests.[2]  Upon the death of the Trustor, the Trustee shall hold and distribute interests in the [Property] as follows:  [¶]  (a)  The Trustee[] shall distribute via grant deed a twenty-five percent (25%) interest in the [Property] to [Robert] . . . .  [¶]  (b)  The remaining twenty-five percent (25%) interest in the [Property] shall be held in trust for the benefit of [Carole].  [¶] (c)  Any rental income derived by the Trust from its 25% interest in the [Property] shall be distributed to [Carole] . . . .  By means of example, if rental income in a given month is $2000, then $1500 shall be paid to [Robert] in proportion to his ownership. $500 shall be paid to the Trust and shall be distributed to [Carole]."

Prior to his death, Arthur resigned as trustee.  Carole also resigned as successor co-trustee, leaving Robert as the sole trustee.  Arthur died on April 16, 2017.

Robert and Carole do not dispute that title to the Property is held as follows:  25 percent to Robert as his sole and separate property; 25 percent to Robert as trustee of the Trust, of which Carole is the sole beneficiary[3]; and 50 percent to Robert and Joanna as joint tenants with a right of survivorship.  The trustee of the Trust is a tenant in common with Robert and Joanna.

---

[2]  Robert asserted that in 2004, he and Joanna purchased a 50 percent interest in the Property.

[3]  "'Unlike a corporation, a trust is not a legal entity.' [Citation.]  Rather, a trust is '"a fiduciary *relationship* with respect to property."' [Citations.]  When a property is held in trust, '"there is always a divided ownership of property,"' generally with the trustee holding legal title and the beneficiary holding equitable title.  [Citations.]" (*Boshernitsan v. Bach* (2021) 61 Cal.App.5th 883, 891.)

Robert has rented out the back unit to tenants since 2018 and has been providing 25 percent of the rental income to Carole. Robert and Joanna continue to live in the front unit and do not pay rent.

B.      *Petition for Instructions*

In 2019, Carole filed a section 17200 petition, alleging that Robert breached his fiduciary duties by, among other things, living in the front unit of the Property without paying rent to the Trust.

On August 30, 2022, Robert filed a petition for instructions on two issues:  "(1)  Whether [Robert] has a duty to pay rent for living on the [P]roperty while also acting as Trustee, and (2)  If [Carole] is entitled to gross rental income from the [P]roperty." Robert requested that the court find that he was not required to pay rent and that Carole was entitled to net, not gross, rents.[4]

Carole filed an objection to the petition.  Citing sections 16002 and 16004, Carole argued that Robert, as trustee, had a duty to act solely in the best interests of Carole, the beneficiary, which would require him to pay rent.  She asserted that the trustee in a trustee-beneficiary relationship owes a higher duty to a beneficiary than do cotenants to one another.

On November 1, 2022, the probate court heard argument on the petition.  On November 30, 2022, the court issued an order granting the petition for instructions.  It found that "[Robert and Joanna] reside in the front house" and "[a]s an owner of the real property, Robert . . . does not have a duty to pay rent for living on

_____

[4]      Carole does not challenge on appeal the court's ruling that she is entitled to net rent.

the real property while also acting as Trustee."  Carole timely appealed.

## III.   DISCUSSION

A.   *Legal Principles*

Because we consider the application of law to undisputed facts, we are presented with a question of law, which we review de novo.  (See *Blech v. Blech* (2018) 25 Cal.App.5th 989, 1000.)  "On appeal, we review the probate court's ruling, not its reasons, and affirm if the ruling is correct albeit the reasons are not; we also resolve any ambiguities in favor of affirmance."  (*Id.* at p. 999.)  We review de novo the interpretation of the trust instrument.  (*Trolan v. Trolan* (2019) 31 Cal.App.5th 939, 948.)  Moreover, "[t]he intention of the transferor as expressed in the instrument controls the legal effect of the dispositions made in the instrument."  (§ 21102, subd. (a); *Haggerty v. Thornton* (2021) 68 Cal.App.5th 1003, 1012 ["'The primary duty of a court in construing a trust is to give effect to the settlor's intentions'"].)  To the extent that the trust instrument does not demonstrate the intent of the transferor, the rules of construction apply.  (§ 21102, subd. (b).)  "The words of an instrument are to receive an interpretation that will give every expression some effect, rather than one that will render any of the expressions inoperative."  (§ 21120.)

B.     *Analysis*

As discussed, Robert, Joanna, and Robert, as trustee of the Trust, hold title to the Property as tenants in common. "In general, the co-owners of real property who are [tenants in common] each have an equal right to occupy their property. [Citation.] Unless there is an agreement between the [tenants in common] to the contrary, no [tenant in common] could exclude any others from any part of the property. [Citation.]" (*Tom v. City and County of San Francisco* (2004) 120 Cal.App.4th 674, 677; see also *Wilson v. S.L. Rey, Inc.* (1993) 17 Cal.App.4th 234, 242 ["Tenancy in common merely requires, for creation, equal right of possession or unity of possession"].) "Absent an ouster a cotenant out of possession has no right to recover the rental value of the property from a cotenant in possession." (*Estate of Hughes* (1992) 5 Cal.App.4th 1607, 1611.)[5] Thus, Robert, in his capacity as a tenant in common, does not owe Carole rent for his occupation of the front unit.

Carole does not dispute that, were he not the trustee, Robert would not be required to pay rent for his use of the front unit as a tenant in common. Carole asserts, however, that, as a trustee, Robert has different and greater obligations to her as a beneficiary. She cites sections 16002 and 16004 in support. Section 16002, subdivision (a), provides that "[t]he trustee has a duty to administer the trust solely in the interest of the beneficiaries." Section 16004, subdivision (a), provides that "[t]he trustee has a duty not to use or deal with trust property for the

---

[5]     Carole does not assert that she was ousted from the Property.

6

trustee's own profit or for any other purpose unconnected with the trust . . . ."

We agree with Carole that a trustee could not exercise his rights *as a trustee* to occupy the Property. Robert, however, did not occupy the front unit in his capacity as a trustee, but as a valid exercise of his rights as a tenant in common, as contemplated by the Trust. Indeed, as reflected in the Trust, prior to Arthur's amendment to the Trust, the "[Property] . . . contain[ed] the primary residence of [Robert]," and Robert therefore was entitled to continue to reside in the front unit.

Moreover, we conclude that Robert did not breach his duty of care as a trustee by declining to forgo his rights as a tenant in common to occupy the front unit without paying rent. As a trustee, Robert was obligated to "administer the trust with reasonable care, skill, and caution under the circumstances then prevailing that a prudent person acting in a like capacity would use in the conduct of an enterprise of like character and with like aims to accomplish the purposes of the trust as determined from the trust instrument." (§ 16040, subd. (a).) As a trustee, Robert also had "a duty to make the trust property productive *under the circumstances*." (§ 16007, italics added.) The circumstances here include: (1) Robert's right to occupy the Property as a tenant in common; (2) Joanna's right to occupy the Property as a tenant in common; (3) Robert's long-standing use of the front unit of the Property as his primary residence; and (4) Robert's rental of the back unit to tenants.

The purposes of the trust, as determined from the trust instrument, also support the conclusion that Robert did not breach his trustee duties by not paying rent for his use of the front unit. The amendment to the Trust provided that "[*a*]*ny*

7

rental income derived by the Trust from its 25% interest" (italics added) would be distributed to Carole. Had Arthur intended to require Robert to pay rent for his use of the front unit, he would not have used the conditional term "any" to describe rental income.

Citing maxims of jurisprudence, Carole next argues that Robert, "who takes the benefit must bear the burden" (Civ. Code, § 3521); that he must also "use his own rights as not to infringe upon the rights of another" (*id.*, § 3514); and that he cannot "take advantage of his own wrong" (*id.*, § 3517). Carole also cites Civil Code section 3524, which provides that "[b]etween those who are equally in the right, or equally in the wrong, the law does not interpose," to argue that the law should interpose here because Robert is in the wrong, and Carole is in the right. We reject Carole's arguments. First, maxims of jurisprudence do not modify the plain meaning of the Probate Code. (See *id.*, § 3509 ["The maxims of jurisprudence hereinafter set forth are intended not to qualify any of the foregoing provisions of this code, but to aid in their just application"].) Moreover, as we explain above, Robert is not required to bear the burden of paying rent, nor has he engaged in any "wrong." Accordingly, the probate court did not err by instructing that Robert did not have to pay rent for his occupation of the front unit of the Property.[6]

---

[6] We express no opinion on what, if any, other remedies are available to Carole. Further, we note that Robert acknowledged at oral argument that he was obligated to make efforts to rent out the back unit as part of his duty to make the trust property productive under the circumstances. (§ 16007.)

## IV.   DISPOSITION

The order is affirmed.  Robert is awarded costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

KIM (D.), J.

We concur:

BAKER, Acting P. J.

MOOR, J.

9